LEWIS D. ALLEN ET AL.,

v.

FLETCHER TARBELL'S ESTATE.

FRANKLIN COUNTY, 1893.

Before:   Ross, Ch. J., Taft, Rowell and Tyler, JJ.

*Rents from real estate specifically devised.*

Where the executor collects the rents of real estate specifically devised, for the space of one year from the death of the testator, he should account for the same as a part of the estate, although there is other personalty sufficient to pay the debts and expenses of settlement.

Appeal from a decree of the probate court for the District of Franklin.   Heard upon an agreed statement of facts at the September term, 1892, START, J., presiding.   The decree of the probate court was affirmed *pro forma*.   The appellants except.

The testate devised specifically certain real estate.   Of this the executors took possession, and collected the rents for one year from the death of the testator, when they turned it over to the devisees.   There was sufficient personal estate without these rents to pay the debts and expenses of settlement.   The question was whether these rents for the year belonged to the devisees or should be accounted for as a part of the estate.   The probate court decreed that they belonged to the estate, and from this decree the devisees appealed.

*C. G. Austin* for the appellants.

A devise of real estate vests the property in the devisee immediately upon the death of the testator, subject only to the lien of the administrator or executor for the payment of debts and charges. *Hibbard* v. *Ricart*, 3 Vt. 207 ; *Hyde* v. *Barney*, 17 Vt. 280 ; *Probate Court* v. *Sargent & Sargent*, 37 Vt. 16 ; *Austin* v. *Bailey*, 37 Vt. 219 ; *Casey* v. *Casey*, 55 Vt. 518.

A specific legacy carries with it interest, income, and earnings from the testator's death, unless the contrary is specified. Schoul. Exrs. and Admrs., §§ 212, 511 ; *Maxwell* v. *Wettenhall*, 2 P. Williams 26 ; *Pearson* v. *Pearson et al.*, 1 Sch. and Lef. 2 ; *Isenhart et al.*, v. *Brown et al., Exrs.*, 2 Ed. Ch. 340 ; *Sullivan and Wife* v. *Winthrop et al.*, 1 Sumner 1 ; *Harrell* v. *Davenport et al.*, 5 Jones Eq. 4 ; *Curtis and Wife* v. *Potter et al.*, 1 Houst. 382 ; *Hawkins, Admr.*, v. *Kimball*, 57 Ind. 42 ; *Bathamley* v. *Sherson, L. R.*, 20 Eq. 304 ; *Lucy* v. *Lucy*, 55 N. H. 9 ; *Loring* v. *Woodward*, 41 N. H. 391 ; Eng. and Am. Enc. p. 150 and notes.

*D. G. Furman* and *Burt & Burt* for the appellees.

The rents for one year from the testator's death belonged to the executors. *Dunbar* v. *Dunbar*, 3 Vt. 472.

ROWELL, J. Shall the rents of these specific devises for the year, allowed in the first instance for settling the estate, go to the specific devisees, or shall the executors account therefor to the estate, although there is sufficient personal estate, first chargeable for that purpose, to pay the debts and expenses? This precise question was determined in *Dunbar* v. *Dunbar*, 3 Vt. 472. There the rents and profits derived from specific devises during the first year after the testator's death were decreed to the estate by the probate court, and went to swell the residue of the personal property left after payment of the debts, and that decree

was affirmed by the supreme court. It is true that in that case the appellant, who was the widow, and, in effect, the residuary legatee of the personalty, did not complain of the decree as far as it went, but sought to have the executors charged with the after rents and profits until the final settlement of the estate, which was denied, and therefore it is claimed that the question here involved was not there decided. But when that case arose, appeals from probate were taken directly to the supreme court, where questions of fact were tried much as they are now in the county court. The appeal vacated the decree and threw the case at large, to be tried *de novo* in the appellate court, so that the affirmance of the decree means much more than it would had the case gone up from the county court on exceptions as it now would, for exceptions do not vacate the judgment below, and raise only such questions as are made by the record. An examination of that case will show that this question was fully argued by the appellees' counsel, who contended that the executors were not chargeable for *any* length of time with the use of the real estate specifically devised; but if the court thought otherwise, and considered that our probate system requires that the executor have the possession and use of the real estate for a term in the first instance, and that the proceeds go into the personal fund, though not necessary for the payment of debts, that such term did not extend beyond one year; while the appellant's counsel contended that the executors were liable to account for the rents and profits of all the real estate till the final settlement of the estate and the set-off to the devisees by the probate court of the land devised, and that these rents and profits were to go into the general fund for the payment of debts or for the benefit of those who were entitled under the will to the residue of the the personal estate. The court fully considered the whole question, and decided that in the circumstances of that case the executors should account for the first year only, and that

the devisees could hold thereafter without accounting. That case does not impugn the rule that absolute devises vest at once on the death of the testator ; it simply holds that under our law, in the circumstances of that case, the devisee does not come into the enjoyment of his estate until the end of one year. . The circumstances of the case before us bring it strictly within that case.

We say nothing as to the effect of an assignment of the devise within the year under statutes now in force, passed since that case arose.

*Judgment affirmed, and ordered to be certified to the probate court.*